UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patrick Randell McIntosh, | Case No. 23-CV-2311 (NEB/JFD) |
| Petitioner, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| Jared Rardin, | |
| Respondent. | |

This case comes before the Court on Petitioner Patrick Randell McIntosh's (1) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 1 ("Petition")), (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 4 ("IFP Application")), and (3) "Motion Seeking Leave and Counsel" (Dkt. No. 6 ("Leave/Counsel Motion")). For the following reasons, the Court denies the Leave/Counsel Motion and recommends denying the Petition, dismissing this action, and denying the IFP Application as moot.

The Court received the Petition on August 4, 2023; as its title suggests, Mr. McIntosh styled the Petition as a request for a writ of habeas corpus under 28 U.S.C. § 2241. (*See* Docket; Pet 1.) This Court explained the Petition's gist in an earlier order:

> Mr. McIntosh is civilly committed at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). . . . [The Petition] concerns a specific disciplinary action[1] that Mr. McIntosh faced earlier this year; apparently, during this action, FMC-Rochester authorities determined that Mr. McIntosh

---

[1] The specific action at issue here is numbered 3728017. (*See* Pet. 2.) Citations to filed materials use the page numbers provided by the District's CM/ECF filing system.

> violated facility rules concerning threats of bodily harm and punished him accordingly. In total, Mr. McIntosh lists eight arguments challenging various parts of the disciplinary proceeding. For relief, the Petition asks the Court to "expunge" a relevant "incident report" or to "remand" this action and give guidance to relevant government authorities on how to proceed on remand.

(Dkt. No. 5 at 1–2 (citations omitted) ("September 2023 Order"); *see also, e.g.*, *id.* at 2 n.2 (listing Mr. McIntosh's specific challenges to relevant proceeding).)

After discussing this action, this Court's earlier order did several things. First, it determined that the Petition "raises issues that one must address through nonhabeas civil litigation." (*Id.* at 2.) Second, it explained that "a district court cannot recharacterize a habeas matter as a nonhabeas matter without a litigant's input." (*Id.* at 3.) Third, it ordered Mr. McIntosh to submit an amended complaint in this action if he wanted "this action to proceed as a standard (nonhabeas) civil action," and provided him specific guidance on how to properly draft such a complaint. (*Id.* at 4.) Finally, the order warned Mr. McIntosh that if he did not file an amended complaint, then the Court would "assume that he means to continue with this action as a habeas matter." (*Id.* at 5; *see also id.* at 1 (noting that this would "almost certainly lead to a dismissal recommendation").

Mr. McIntosh has not filed an amended complaint; instead, he filed the Leave/Counsel Motion. (*See* Docket.) As the Court understands the Leave/Counsel Motion, it makes two requests. First, Mr. McIntosh asks the Court to consolidate claims from two other cases in the District, each allegedly addressing claims from a disciplinary proceeding numbered 3671319. (*See* Leave/Counsel Mot. 1 (referring to *McIntosh v. Rardin*, No. 23-CV-1832 (PJS/DLM) (D. Minn.) and *McIntosh v. Rardin*, No. 23-CV-2009 (JWB/TNL) (D.

Minn.)).) Second, Mr. McIntosh asks the Court to appoint him counsel in this matter. (*See id.* at 3.[2])

The Court's analysis will start with the Leave/Counsel Motion, addressing its consolidation request first. The Court denies that part of the Motion. As noted above, this matter concerns a specific disciplinary matter—one numbered 3728017. (*See* note 1 *supra*.) But the consolidation request concerns claims in two other cases, before other courts, that both concern a different disciplinary matter - one numbered 3671319. The Court sees no reason to interfere with how two other judges handle Mr. McIntosh's claims about a separate disciplinary proceeding, and Mr. McIntosh presents no reason why this Court should do so (much less any authority that would support such a move).

This leaves Mr. McIntosh's request for counsel. The Court denies this as well. There is no constitutional or statutory right to appointed counsel in civil litigation. *See, e.g.*, *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (quoting *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *see also, e.g.*, *Nelson v. Ellison*, No. 23-CV-2122 (JRT/LIB), 2023 WL 7741273, at *2 (D. Minn. Oct. 27, 2023) (making same point (citing cases, including *Crozier*)), *report and recommendation adopted*, 2023 WL 7697051 (D. Minn. Nov. 15, 2023). Whether to appoint counsel in a civil proceeding like this is a

---

[2] The Leave/Counsel Motion also states that Mr. McIntosh "must exhaust [a]dministrative [r]emedy [a]ppeals" related to numerous disciplinary proceedings—including that numbered 3728017. (*See* Leave/Counsel Mot. 1–2 (listing proceeding 3728017 as item (a).) Mr. McIntosh makes no requests here, so this list's purpose in the Leave/Counsel Motion is unclear. But given the Court's recommendation (as discussed below) that this action be dismissed, the Court need not address or discuss exhaustion-related concerns.

decision "committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases); *see also, e.g.*, *Vanderford v. Schnell*, No. 22-CV-0971 (DSD/DJF), 2023 WL 4489656, at *8 (D. Minn. July 12, 2023) (making same point (citing cases, including *McCall*)), *report and recommendation adopted*, 2023 WL 4936159 (D. Minn. Aug. 2, 2023). Factors to consider include "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier*, 973 F.3d at 889 (citing cases); *see also, e.g.*, *Nelson*, 2023 WL 7741273, at *2 (quoting *Crozier* list).

At present, the Court has no reason to believe that this action is particularly complex, either factually or legally. (This is true whether one treats the action as a habeas matter or as a standard, nonhabeas civil action.) Nor, given the subject matter, is there much reason to doubt that Mr. McIntosh can adequately investigate the relevant facts (at least for present purposes, e.g., drafting a complaint). Furthermore, the Court believes that Mr. McIntosh is quite able to express his positions and allegations. Finally, at this proceeding's early stage, conflicting testimony presents no difficulties. The *Crozier* factors thus point toward denying Mr. McIntosh's request for appointed counsel and the request is, as noted, denied.

With the Leave/Counsel Motion resolved, the remaining issue is what to do about Mr. McIntosh's failure to file an amended complaint. As noted above, this Court previously warned Mr. McIntosh that if he failed to submit an amended complaint in this action, the Court would treat the action as a habeas matter. Mr. McIntosh has given the Court no reason not to do what it said it would do if an amended complaint was not filed.

4

Again, this Court's prior order provides apt discussion:

> Under 28 U.S.C. § 2241(c)(3)—as relevant here—"[t]he writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." The phrase "in custody" is critical here, as it establishes that "the essence of habeas corpus is an attack by a person in custody upon the legality *of that custody*." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (emphasis added); *see also, e.g.*, *id.* ("[T]he traditional function of the writ is to secure release from illegal custody.")[.] Given this custody requirement, "'[i]f [a] prisoner is not challenging the validity of his conviction or the length of his detention . . . , then a writ of habeas corpus is not the proper remedy.'" *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (quoting [*Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)] (second brackets and ellipses added)); *see also, e.g.*, *Vang v. Eischen*, No. 23-CV-0721 (JRT/DLM), 2023 WL 5417764, at *4 (D. Minn. Aug. 1, 2023) (citing cases), *report and recommendation adopted*, 2023 WL 5403793 (D. Minn. Aug. 22, 2023). On the other hand, if a claim concerns one's "conditions of confinement" rather than one's custody, that claim is not properly pursued in a habeas action. Here, the Petition raises various challenges to an unspecified disciplinary proceeding, not a challenge to Mr. McIntosh's civil commitment. A habeas action is the wrong place for these claims.

(Sept. 2023 Order 2–3.)

The Court therefore recommends denying the Petition and dismissing this action without prejudice for lack of subject-matter jurisdiction. Given this recommendation, the Court further recommends denying the IFP Application as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Petitioner Patrick Randell McIntosh's "Motion Seeking Leave and Counsel" (Dkt. No. 6) is **DENIED**.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Patrick Randell McIntosh's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Dkt. No. 1) be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

3. Mr. McIntosh's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 4) be **DENIED** as moot.

Dated: November 22, 2023              __s/ *John F. Docherty*_____
                                     JOHN F. DOCHERTY
                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2).

All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).